UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AARON WITKIN, | No. 2:22-cv-1211 WBS CSK P |
| Plaintiff, | |
| v. | ORDER |
| M. PITTSLEY, | |
| Defendant. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis. Defendant's motions for extensions of time are before the court. As discussed below, defendant's motions are granted.

Background

This action proceeds on plaintiff's claim that defendant M. Pittsley denied plaintiff physical exercise in violation of the Eighth Amendment. (ECF No. 1.)

On April 10, 2024, plaintiff filed a motion for summary judgment. (ECF No. 22.)

On April 12, 2024, defendant filed a motion to revoke plaintiff's in forma pauperis status and to dismiss this action with prejudice based on plaintiff's false allegation of poverty, which defendant contends was made in bad faith, and that the suit is malicious pursuant to 28 U.S.C. § 1915(e)(2)(A) and (B)(i). (ECF No. 23 at 1 (hereafter "motion to revoke and dismiss").)

////

1

On April 12, 2024, defendant filed a motion for administrative relief for extension of time to file a motion for summary judgment. (ECF No. 24.) On April 17, 2024, defendant filed a motion for administrative relief for extension of time to respond to plaintiff's motion for summary judgment. (ECF No. 25.) Both motions cite Local Rule 233.

Local Rule 233

Local Rule 233 provides:

> Miscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief. Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference.

Local Rule 233.

Defendant's April 12, 2024 Motion

In the first motion for extension, defendant does not seek to alter a briefing schedule or a discovery schedule, but rather seeks an extension of time to file a summary judgment motion which would require extending the dispositive motion deadline. Because granting such extension would require extending the dispositive motion deadline, such request is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Local Rule 233.

Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

////

////

<u>Discussion</u>

In support of the motion, defendant's counsel filed a declaration stating that counsel reviewed this case and discussed the underlying facts with her supervisor and concluded that defendant has grounds to move to revoke plaintiff's in forma pauperis status and dismiss this case.  (ECF No. 24 at 3.)  Such motion to revoke and dismiss was filed contemporaneously with the motion for extension of the pretrial motions deadline, and if the motion to revoke and dismiss is granted, a motion for summary judgment would not be necessary.

Under the circumstances, the undersigned finds good cause to extend the pretrial motions deadline until after the motion to revoke and dismiss is resolved.

<u>Defendant's April 17, 2024 Motion</u>

Defendant's second motion seeks to extend a response deadline and is properly brought under Local Rule 233.  Defendant moves to extend the deadline to oppose plaintiff's motion for summary judgment until after defendant's motion to revoke and dismiss is resolved.  If the motion to revoke and dismiss is granted, defendant would not need to file an opposition to plaintiff's pending motion.

Defendant's second motion for extension is well-taken.  Defendant is relieved of the obligation to oppose plaintiff's motion for summary judgment until after the motion to revoke and dismiss is resolved.

<u>Revised Deadlines</u>

If the district court denies defendant's motion to revoke and dismiss, defendant shall file a motion for summary judgment and opposition to plaintiff's motion for summary judgment (ECF No. 22) within sixty days from the date the district court order is filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to extend the pretrial motions deadline (ECF No. 24) is granted;

2. The pretrial motions deadline is extended until after the district court resolves defendant's motion to revoke and dismiss (ECF No. 23); in all other respects, the scheduling order (ECF No. 19) remains in effect;

////

   3. Defendant's motion to extend the deadline to file an opposition to plaintiff's motion for summary judgment (ECF No. 25) is granted; and

   4. Defendant is granted sixty days from the date of any district court order denying defendant's motion to revoke and dismiss (ECF No. 23) to file a motion for summary judgment and to file an opposition to plaintiff's motion for summary judgment (ECF No. 22).

Dated: April 19, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/witk1211.16b

4