UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WITKIN,<br><br>             Plaintiff,<br><br>      v.<br><br>PITTSLEY,<br><br>             Defendant. | No.  2:22-cv-1211 WBS CSK P<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this action brought under 42 U.S.C. § 1983.  Before the Court is defendant's April 12, 2024 motion to revoke plaintiff's in forma pauperis status and dismiss the case as malicious pursuant to 28 U.S.C. § 1915.  (ECF No. 23.)  As discussed below, the motion should be denied, and plaintiff should be required to pay the Court's filing fee or file an application to proceed in forma pauperis.

I.     BACKGROUND

Plaintiff paroled from the custody of the California Department of Corrections and Rehabilitation ("CDCR") on July 6, 2022.  Declaration of Parole Agent N. Couture ("Couture Decl.") at ¶ 2 (ECF No. 23-1 at ¶ 2).  Plaintiff filed this action on July 11, 2022.  (ECF No. 1.) Plaintiff's complaint was accompanied by his application to proceed in forma pauperis ("IFP") in which he claimed he had received no income in the prior 12 months, had no valuable property, and no assets.  (ECF No. 2.)  In response to section "2. If not incarcerated.  If I am employed, my

1

employer's name and address are:," plaintiff wrote "N/A."  (Id. at 1.)  In response to whether plaintiff had any housing, transportation, utilities, or loan payments, or other regular monthly expenses, plaintiff stated:  "DAPO has paroled plaintiff as a 'transient' with an 'alternate' address at the mailing address on the front of the complaint."  (Id. at 2.)  On July 7, 2022, plaintiff signed the form under penalty of perjury.  (Id.)

On August 18, 2022, plaintiff signed a document styled, "Notice Regarding IFP Status," in which plaintiff stated that on July 25, 2022, after submitting his initial application to proceed in forma pauperis, plaintiff agreed to a $3,000.00 settlement in Witkin v. Rosario, Case No. 2:20-cv-0126 TLN DMC (E.D. Cal.).  (ECF No. 4.)  Plaintiff claimed he was uncertain when the settlement proceeds would be received, although it could be up to 180 days.  (Id. at 2.)  Plaintiff also noted that at the time he sought IFP status, he was paroled as a transient to the Sac-Natomas region, but "has since been granted a pass to temporarily reside with his wife" at his address of record.  (Id. at 1-2.)  Plaintiff claimed that with his move comes a number of unknown living expenses.  (Id. at 2.)  Plaintiff added that he informed the Court of the settlement so the Court could determine if it could impact his in forma pauperis status.  (Id.)

On November 28, 2022, plaintiff's motion to proceed IFP was granted, and the Court found service of the complaint was appropriate and ordered service on defendant M. Pittsley.  (ECF No. 7.)  On April 10, 2024, plaintiff filed a motion for summary judgment.  (ECF No. 22.)

On April 12, 2024, defendant filed a motion to revoke plaintiff's IFP status, and to dismiss the case as malicious pursuant to 28 U.S.C. § 1915.  (ECF No. 23.)

II.     MOTION TO DISMISS

A.  Legal Standards

Defendant seeks dismissal of this case with prejudice under 28 U.S.C. § 1915(e)(2)(A) and (B)(i), which provides that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

28 U.S.C. § 1915(e)(2).  Dismissal under § 1915(e)(2) requires "a showing of bad faith, not merely inaccuracy."  Escobedo v. Applebees, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015).

### B. Discussion

#### 1. Defendant Claims Allegation of Poverty Intentionally Misleading and Untrue

Defendant claims plaintiff's allegation of poverty is intentionally misleading and untrue based on plaintiff's failure to "provide any financial information for his wife to whom he was married on the date he signed the request for IFP." (ECF No. 23 at 8.)  The record does reflect that plaintiff signed the application to proceed IFP on the same day he married his fiancée.  However, the application to proceed IFP does not include any questions concerning the applicant's spouse.  Thus, the Court does not find that plaintiff's failure to provide information not required by the IFP application form was misleading or untrue.

Next, defendant argues that plaintiff's reference to his "transient" status suggested he was homeless, which was not true because on July 7, 2022, he was married and had permission to travel and reside at his wife's residence on Kentucky Street in Vallejo.  (Couture Decl. ¶¶ 4, 5.) Defendant points out that plaintiff's residence for parole was listed as the Kentucky Street in Vallejo address, but on the IFP form, plaintiff referred to such address as his "alternate address." (ECF No. 23 at 8.)  Defendant argues that such reference was plaintiff's "attempt to omit his wife's address and his address for parole." (Id.)

Despite defendant's efforts to attribute an ulterior motive to plaintiff's use of such terms, the record reflects that it was plaintiff's parole officer who first used the term "transient." (Couture Decl. ¶ 4.)  Before plaintiff paroled, and after Couture denied plaintiff's request to reside with his fiancée, Couture "approved Mr. Witkin's residence as '*Transient*.'" (Couture Decl. ¶¶ 3, 4 (emphasis added).)  In addition, Couture updated plaintiff's address "to the *Alternate Address* pending the Transfer Investigation Request." (Id. (emphasis added).)  Indeed, on the IFP form, plaintiff put both of these terms in quotation marks, and attributed them to the parole officer. (ECF No. 2 at 2.)  The Court cannot find plaintiff's use of Parole Agent Couture's own terms to be misleading or untrue.  The record reflects that after the initial denial of plaintiff's request to reside with his then-fiancée, the permission for him to travel to and reside with his new

3

wife was temporary pending completion of the transfer investigation.  (Id. at ¶¶ 4, 6-10; Plaintiff's Declaration ("Pl.'s Decl.") at ¶¶ 3, 4 (ECF No. 28 at ¶¶ 3, 4).)  Plaintiff was required to seek extensions and renewals of his travel permits to reside at the Kentucky Street address.  (Couture Decl. ¶¶ 4, 6-10.)  Nevertheless, to the extent plaintiff's use of the term "transient" suggested he was homeless despite his intention to live with his fiancée or future wife, such inaccurate statement is insufficient to demonstrate he was not eligible for IFP status on July 7, 2022, unlike the circumstances in Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), where the court found plaintiff's allegation of poverty was untrue and that he intentionally manipulated how he received settlement proceeds to hide them from the court.  Here, there is no evidence that plaintiff attempted to hide assets from the Court.  Further, plaintiff's use of the term "transient," even if it was technically incorrect, does not demonstrate that plaintiff was acting in bad faith, particularly where he provided his address and where he was using Parole Agent Couture's own terms.

Finally, defendant argues that plaintiff's failure to include the fact that he had gained employment by the time he filed his August 22, 2024 notice "renders his request for IFP status inaccurate."  (ECF No. 23 at 9.)  However, that plaintiff was subsequently able to gain employment after he requested leave to proceed IFP on July 7, 2022, does not demonstrate that plaintiff's July 7, 2022 application was misleading or untrue.  At the time plaintiff signed his IFP application, he had just paroled from prison, was unemployed and without assets.  Defendant's efforts to discredit plaintiff's July 7, 2022 IFP application based on subsequent events are unavailing.  See Witkin v. Thomas, No. 2:22-cv-1310 DJC DB P, at 6 (E.D. Cal. Sept. 23, 2024) (rejecting findings and recommendations recommending revocation of IFP status and dismissal of action with prejudice and stating that "information and changes that came after plaintiff filed his IFP application . . . [have] no bearing on whether plaintiff's allegation of poverty was false at the time it was made.").

///

///

### 2. Defendant Contends Allegation of Poverty Made in Bad Faith

Defendant reiterates his position that plaintiff's alleged misstatements and omissions support defendant's view that plaintiff acted in bad faith and argues that as an experienced pro se litigant who has brought 16 cases in this district, plaintiff is familiar with the IFP statutes, and such misstatements and omissions constitute bad faith.[1]  (ECF No. 23 at 10.)  Defendant contends plaintiff's prior manipulation of how he received substantial income in two of his prior cases also supports such finding.  (Id.) (citing Lee, 2020 WL 2512383, at *6, and Witkin v. Sloan, 2019 WL 6918216, at *6 (E.D. Cal. Dec. 19, 2019), report and recommendation adopted, 2020 WL 2193608 (E.D. Cal. May 6, 2020).  As discussed above, the Court does not find plaintiff's statements in the July 7, 2022 IFP application were misleading or untrue, and the IFP application did not require him to set forth his marital status or include his spouse's income.  The Court acknowledges that plaintiff is an experienced litigant.  But defendant fails to demonstrate how plaintiff's prior IFP application experience would inform plaintiff's completion of the 2022 IFP application based on his current status as a parolee or husband.  No evidence shows plaintiff was married at the time he filed any previous IFP application.  This Court cannot find that lack of knowledge constitutes bad faith.

As for plaintiff's prior cases Lee and Sloan, plaintiff acknowledged that he learned his lesson about the importance of reporting settlement income to the Court because both cases were dismissed with prejudice based on his failure to report the settlement of his first case.  (Pl.'s Decl. ¶ 12.)  His statement is supported by plaintiff's August 22, 2022 notice about the settlement of another case promptly filed in this action.  (ECF No. 4.)  Unlike Lee and Sloan, there is no evidence of any attempt to conceal assets or otherwise show bad faith in connection with the July 7, 2022 IFP application.  In addition, plaintiff informed the Court he had "been granted a pass to

---

[1] As requested by defendant, the Court takes judicial notice of the other cases plaintiff has brought in this district.  (ECF No. 23-4.)  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).  The parties are familiar with the 15 cases, listed in defendant's request for judicial notice (ECF No. 23-4), and they are not listed herein.

temporarily reside with his wife" at the address provided. Such statement does not indicate an intention to conceal his wife's income from consideration.

Upon review of plaintiff's July 7, 2022 IFP application and the documents provided in support and in opposition to the instant motion, the Court does not find that plaintiff acted in bad faith.

          3.    <u>Defendant Seeks Dismissal of this Action as Malicious</u>

Defendant contends that plaintiff's litigation activities demonstrate he is acting maliciously by filing this action. Defendant points to a "SMART Goal-Planning" worksheet completed by plaintiff in 2021 in which he claimed his stated objective was "[b]ringing the authorities to justice," he intended to "complete the litigation of 20 federal lawsuits against CDCR," would try to reach this goal by December 1, 2023, the goal would be completed when he "knock[ed] down CDCR for about $250,000," and noted a potential setback to this goal was "crooked judicial officers." (ECF No. 23 at 10, quoting ECF No. 23-3 at 2-3.) Defendant argues that eight of the sixteen lawsuits filed by plaintiff in the last 19 months of his incarceration demonstrate he is "attempting to fulfill his stated intention of suing CDCR defendants['] plan as a means to retaliate for his incarceration." (ECF No. 23 at 10.) Defendant asserts that plaintiff is well aware of the cost of his litigation, quoting plaintiff's statements made in his prior case, <u>Witkin v. Wise</u>, 2:19-cv-0974 KJM (E.D. Cal.), acknowledging that one lawsuit would consume "100s of hours of the Court's time," and arguing that electing to opt-out of the early ADR program could cost "a couple hundred thousand [dollars] to defend. (ECF No. 23 at 10 (citing ECF No. 23-5, Ex. 6 at 60-77).) Finally, defendant contends that four of plaintiff's lawsuits, including this one, are all based on similar denial of exercise claims. (ECF No. 23 at 11.) Defendant argues that all of this demonstrates that plaintiff's lawsuit is not an attempt to remedy a wrong, but rather an attempt to harm CDCR employees, and therefore contends this action should be dismissed as malicious. (<u>Id.</u>)

In opposition, plaintiff contends that the Court already screened plaintiff's complaint and found his claims were not malicious; thus, defendant's arguments are "barred by law of the case and res judicata principles." (ECF No. 28 at 8.) Plaintiff counters that the basis for dismissal by

defendant is "truly laughable and provides no reason to disregard the Court's usual practices." (Id. at 9.)  Plaintiff argues that the worksheet was provided by the CDCR education department, which he completed "half in jest," and "merely reflects plaintiff's disenchantment with the CDCR's cavalier attitude toward its daily, repeated abuses of prisoner[s'] Constitutional rights and plaintiff's desire to hold CDCR to account for the litany of violations committed against plaintiff personally."  (Id. at 4, 10.)  He contends that if defendant claims that "pursuing a remedy designed by Congress to remedy egregious constitutional violations equates to malice[,] the Court should treat such a suggestion with the contempt it deserves."  (Id.)

In reply, defendant maintains his position that "the totality of the circumstances, including [plaintiff's] longstanding litigation history with CDCR, his filing of three other denial-of-exercise cases, and the similar allegations in the present case, show that [plaintiff] filed this action to advance his goal of extracting $250,000 from CDCR through litigation."  (ECF No. 29 at 4.)  Defendant responds that plaintiff's contention that the issue of maliciousness is barred by the doctrine of res judicata is meritless because none of the Court's prior orders preclude the Court from revisiting this issue.  Defendant argues that the screening of the complaint is a distinct inquiry from the determination of maliciousness under 28 U.S.C. § 1915(e)(2)(B)(i), which requires dismissal at any time the Court determines the action is frivolous or malicious.  (Id.)  Defendant contends the new information provided demonstrates that plaintiff filed this action with the intent to harm and harass defendant, rather than to remedy a wrong.  (Id.)

The Ninth Circuit has observed that the Prison Litigation Reform Act did not define the terms "frivolous" or "malicious."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Therefore, the Ninth Circuit looked to the "ordinary, contemporary, common meaning" of the terms, and found that "a case is frivolous if it is "of little weight or importance:  having no basis in law or fact," and "[a] case is malicious if it was filed with the 'intention or desire to harm another.'"  Id. (quoting Webster's Third New International Dictionary 913, 1367 (1993)); see also Washington v. Los Angeles Cnty. Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016) ("a Heck [v. Humphrey, 512 U.S. 477, 489-90 (1994)] dismissal cannot be characterized as malicious, unless the court specifically finds that the complaint was "filed with the intention or desire to

7

1   harm another.").

2   This case proceeds on plaintiff's original complaint in which he alleges that defendant M.
3   Pittsley deprived plaintiff of physical exercise for a period of sixty consecutive days.  (ECF No. 1
4   at 2.)  The Court screened the complaint and found that plaintiff stated a cognizable Eighth
5   Amendment claim and ordered defendant to respond.  (ECF No. 7 at 1.)  The Court did not find
6   that the complaint was frivolous or malicious.  Id.  Indeed, at screening, none of the civil rights
7   cases brought by plaintiff in this district have been dismissed as frivolous or malicious.

8   Further, in Witkin v. Thomas, No. 2:22-cv-1310 DJC SCR P (ECF No. 23), a case in
9   which plaintiff also raised a denial of physical exercise claim, different defendants made similar
10  allegations based on similar evidence in their motion to dismiss.  On September 23, 2024, District
11  Judge Daniel Calabretta issued a detailed opinion denying the motion to dismiss, concluding that
12  plaintiff's lawsuit was not maliciously filed.  Id.[2] (ECF No. 36 at 8-10.)  Judge Calabretta found
13  that plaintiff's "position that he is bringing this lawsuit to fight what he perceives to be injustices
14  within the California prison and legal system," and "seems to seek such money to 'significantly
15  impact the[ ] perpetual evil practices [ ]' allegedly committed by [defendants] . . . does not
16  suggest an intent to harm or harass defendants."  Id. (ECF No. 36 at 9.)  Judge Calabretta also
17  rejected the other defendants' argument that plaintiff brought similar claims against other
18  defendants:  "That plaintiff brings a similar claim against other defendants does not detract from
19  the potentially remedial aims of the underlying lawsuit."  Id. (ECF No. 36 at 9-10.)

20  This Court is persuaded by Judge Calabretta's well-reasoned decision.  In this case,
21  plaintiff also makes clear his intent to seek redress for "egregious constitutional violations."  Id.
22  (ECF No. 28 at 1-4.)  Just as in Witkin v. Thomas, No. 2:22-cv-1310 DJC SCR P, there is
23  insufficient evidence in this case to demonstrate plaintiff brought this action with the intent to
24  harass or harm defendant rather than to redress the Eighth Amendment violation alleged herein.
25  Therefore, the Court recommends that the district court deny defendant's motion to dismiss this

---

[2]   Judge Calabretta rejected the Magistrate Judge's findings and recommendations in Witkin v.
Thomas, No. 2:22-cv-1310 DJC DB (E.D. Cal. Feb. 13, 2024) (findings and recommendations
that defendants' motion to revoke be granted, and the action be dismissed with prejudice),
rejected, No. 2:22-cv-1310 DJC SCR (E.D. Cal. Sept. 23, 2024).

1   action as malicious.

2         This Court acknowledges that these issues have been resolved differently within this

3   district.  Compare Witkin v. Gonzalez, No. 2:22-cv-1212 KJM EFB (E.D. Cal. June 18, 2024)

4   (recommending defendants' motion to revoke be granted, and the action be dismissed with

5   prejudice), adopted in full, No. 2:22-cv-1212 KJM EFB (E.D. Cal. Sept. 20, 2024),[3] with Witkin

6   v. Thomas, No. 2:22-cv-1310 DJC SCR P (ECF No. 36) (described above) and Witkin v.

7   Chapnick, No. 2:22-cv-1222 DJC DMC (E.D. Cal. July 8, 2024) (ECF No. 30 at 4) (finding that

8   plaintiff's allegations of poverty were not untrue and that plaintiff did not act in bad faith, and

9   recommending that defendants' motion to dismiss be denied) (pending review before the district

10  court).[4]

11        This Court has carefully reviewed the contrary findings and is not persuaded.  As

12  discussed above, plaintiff was not employed and had no assets at the time he filed his initial IFP

13  application, and the IFP form did not require him to provide his spouse's financial information.

14  While the Court agrees that in forma pauperis status may be acquired and lost during the course

15  of litigation, this Court had not yet ordered plaintiff to file a new application to proceed IFP or

16  directed him to address the availability of his spouse's earnings.  Indeed, as District Judge

17  Calabretta noted, because plaintiff married on the day he signed the IFP application, plaintiff had

18  not yet acquired any community property for the Court to consider.  Witkin v. Thomas, No. 2:22-

19  cv-1310 DJC SCR (ECF No. 36 at 6).  Based on plaintiff's litigation experience, he duly filed a

20  notice of impending settlement proceeds.  Finally, this Court does not agree that plaintiff's

21  objective written in a CDCR worksheet plaintiff completed in 2021 in which he claimed his stated

22  objective was "bringing the authorities to justice" demonstrates an intention to inflict harm rather

23  than to remedy a perceived injustice.

24  ///

---

[3] On October 31, 2024, the district judge also denied plaintiff's subsequent motion to set aside the September 2, 2024 judgment.  Id. (ECF No. 47.)  As of November 6, 2024, plaintiff had not filed an appeal.

[4] In this case, the defendants did not move to dismiss plaintiff's lawsuit as maliciously filed.  Id.

III.   PLAINTIFF'S CHANGED FINANCIAL CIRCUMSTANCES

At the time plaintiff filed his IFP application, he had just paroled and had no job or assets. In the declaration submitted with his opposition, plaintiff declares that he held some temporary day labor positions in August and early September 2024, but made so little income he was not provided with a W-2 form. (Pl.'s Decl. at ¶¶ 6, 7.) The only meaningful sum of money he received in 2022 was the $3,000.00 settlement he duly reported to this Court. (Id. ¶ 9; ECF No. 4.) Plaintiff declares that he did not obtain regular employment until hired by the Center for Employment Opportunities on January 10, 2023, where he earns $103.00 dollars per day for twelve work days per month. (Pl.'s Decl. at ¶¶ 13, 14.) Thus, plaintiff's monthly income is $1,236.00.

The Ninth Circuit has not addressed whether prisoners released from state custody must submit an updated IFP application in cases pending at the time of their release. Some district courts and other circuits have found that "if a prisoner proceeding in forma pauperis is released from prison while their action is pending, [he or she] must submit an updated in forma pauperis affidavit under 28 U.S.C. § 1915(a)(1) or pay the filing fee." Townsend v. Rendon, 2022 U.S. Dist. LEXIS 62041, at *4 (E.D. Cal. Mar. 31, 2022) (citations omitted) (collecting cases).

On January 16, 2024, plaintiff filed a notice in Witkin v. Thomas, 2:22-cv-1310 DJC SCR P, stating that due to his change in circumstances (obtaining full-time employment), he did not need to file a subsequent IFP application because "he is able to pay such fees and cannot assert otherwise." Id. (ECF No. 31 at 1.) Thus, plaintiff claimed he would pay the Court's filing fee in full. Id. Plaintiff paid the $405.00 filing fee in full on October 18, 2024. Id. This Court takes judicial notice of plaintiff's filing in Witkin v. Thomas, 2:22-cv-1310 DJC SCR P, and recommends that plaintiff be ordered to either pay the Court's filing fee in full as he did in Witkin v. Thomas or file a new application to proceed in forma pauperis. In such application, plaintiff must provide a complete picture of his current financial situation, including an explanation as to his ability to provide basic necessities for himself, and must include any information relating to any financial assistance he receives, the amount of this assistance, and the name of the person or entity providing this assistance.

10

IV.   FURTHER SCHEDULING

Once the district court addresses the findings and recommendations, the Court will address further scheduling.

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (ECF No. 23-4) is granted.

Further, IT IS RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's IFP status as misleading, untrue, or filed in bad faith (ECF No. 23) be denied;
2. Defendant's motion to dismiss this action as malicious (ECF No. 23) be denied;
3. In light of plaintiff's changed financial circumstances, plaintiff be ordered to pay the $405.00 filing fee in full or file a new application to proceed in forma pauperis within thirty days from any order by the district court adopting these findings and recommendations; and
4. This action be referred back to the assigned magistrate judgment for further scheduling.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/witk1211.mtd.rev2