UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MICHAEL WITKIN,<br><br>       Plaintiff,<br><br>  v.<br><br>PITTSLEY,<br><br>       Defendant. | No. 2:22-cv-1211 WBS CSK P<br><br>ORDER RE: PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT |

----oo0oo----

On October 1, 2025, this court rejected the Magistrate Judge's Findings and Recommendations and ruled that defendant was entitled to qualified immunity. (See Docket No. 47.) This court correspondingly granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. (See id.)

Plaintiff now moves to amend the judgment under Federal Rule of Civil Procedure 59(e) on the grounds that the court made plain errors of law and fact. (Docket No. 49 at 1-2.)

Under Federal Rule of Civil Procedure 59(e), "amending a judgment after its entry [is] an extraordinary remedy which

1

should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quotation marks omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id.

A Rule 59(e) motion "should not merely present arguments previously raised, or which could have been raised in the initial summary judgment motion." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (Wanger, J.) (collecting cases). Further, "[m]ere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 59(e)." Witkin v. Wagner, No. 220-cv-00267 WBS CKD, 2022 WL 3371697, at *1 (E.D. Cal. Aug. 16, 2022).

In his motion, plaintiff chiefly argues that the court committed "plain error of fact and law" by determining that defendant did not deprive plaintiff of constitutionally sufficient opportunities to exercise during the sixty-day period at-issue. (See Docket No. 49 at 5-10.)

However, the court expressly declined to address whether defendant's conduct deprived plaintiff of his constitutional rights. (See Docket No. 47 at 3.) The court held solely that defendant was entitled to qualified immunity because

2

the "circumstances under which a temporary deprivation of outdoor exercise for an inmate not subject to continuous and long-term segregation or otherwise harsh conditions rises to the level of a [constitutional] violation" were not clearly established.  (Id. at 7 (citation modified).)  Plaintiff has failed to demonstrate that the court "manifest[ly] err[ed]" – or erred at all – in so holding.  Herron, 634 F.3d at 1111.

Plaintiff's remaining arguments express "dissatisfaction with the court's [prior] order," Wagner, 2022 WL 3371697, at *1, paraphrase "arguments [he] previously raised," or proffer arguments "that should have been raised in [his] initial summary judgment motion," Westlands Water Dist., 134 F. Supp. 2d at 1130.  These arguments do not warrant the "extraordinary remedy" of relief under Rule 59(e).  Kaufmann v. Kijakazi, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified).

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend the judgment (Docket No. 49) be, and the same hereby is, DENIED.

Dated: October 30, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE